UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO FARRUGIA,

    Plaintiff,

v.

NOVINIUM, INC.,

    Defendant.
                                       /

Case No. 14-14090

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER [5]**

    This matter is before the Court on Defendant Novinium, Inc.'s ("Defendant") motion to transfer this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a). (Dkt.# 5). Plaintiff Carlo Farrugia ("Plaintiff") opposes this motion, arguing that the Eastern District of Michigan is a convenient forum for this litigation. For the reasons set forth below, the Court agrees with Plaintiff and DENIES Defendant's motion to transfer.

**I.    BACKGROUND**

    The core facts of this case spring from Plaintiff's employment with Defendant. Defendant is a Delaware corporation with its headquarters in Auburn, Washington. Defendant also maintains a laboratory in Midland, Michigan. (Def.'s Answer ¶ 2). Defendant describes itself as a "cable rejuvenation company that provides rehabilitation solutions that extend the life of underground cables. Using proprietary technology, Novinium injects fluids

into underground cables to restore and repair deteriorating infrastructure." (Def.'s Mot. Transfer).

Plaintiff was employed by Defendant starting in approximately June 2010. Plaintiff's work was predominately performed in Canada, and on short-term assignments in other locations within the United States. (Def.'s Mot. Transfer; Pl.'s Resp. & Opp.). There is no allegation by either party that Plaintiff ever performed work for Defendant within the state of Michigan. Plaintiff lives in Michigan and alleges that he "worked primarily in Canada because of an arrangement he made with management that he be stationed close to his wife and young children." (Pl.'s Resp. & Opp.). Defendant denies any such arrangement, alleging that Plaintiff lived in Maryland when he was hired. (Def.'s Reply Br.). Plaintiff alleges that he "was forced out of his employment when he refused to lie to the Canadian customs about the purpose for his travel to Canada. Defendant re-assigned him to Arizona, knowing he could not leave his family long-term." (Pl.'s Resp. & Opp.). Plaintiff brings this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff alleges that despite an employment offer letter than indicated that he was a "Team Manager," his job was actually as a laborer and he was labeled as an "Injection Tech" when assigned to jobs. Therefore, he argues, he was not an exempt employee pursuant to FLSA and he was entitled to overtime compensation. (Pl.'s Resp. & Opp.).

## II. ANALYSIS

Defendant's motion raises the issue of whether the Court should transfer this lawsuit to the Western District of Washington for the convenience of the parties and witnesses and in the interest of justice. (Def.'s Mot. Transfer). Defendant moves for a change of venue under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

### A. Jurisdiction

This Court has subject matter jurisdiction over this matter by way of the FLSA claim in the complaint, that is to say, the Court has federal question jurisdiction over this matter. Defendant does not challenge personal or subject matter jurisdiction in this motion. "[A]s a preliminary matter, the Sixth Circuit holds that a district court cannot consider a motion to transfer under § 1404(a) unless the court first has personal jurisdiction." *D.C. Micro Dev., Inc. v. Lange,* 246 F. Supp. 2d 705, 709 n.3 (W.D.Ky. 2003) (citing *Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir. 1993)). To determine personal jurisdiction, the court must apply the law of the state in which it sits.

Michigan Comp. Laws Ann. § 600.711 provides that there is a "sufficient basis of jurisdiction . . . to exercise personal jurisdiction over [a] corporation" when the corporation is involved in "[t]he carrying on of a continuous and systematic part of its general business within the state." Mich. Comp. Laws § 600.711(3). Defendant has a research and development facility in Midland, Michigan, and the County of Midland is within the Eastern District of Michigan.

### B. Defendant Is A Resident Of Auburn, Washington, located in the Western District of Washington

An initial inquiry in a motion to transfer is deciding whether the case could have been brought in the proposed transferee district. *See Cont'l Grain Co. v. The Barge FBL– 585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Defendant argues that venue is proper

in the Western District of Washington. The statutory language governing venue is found at 28 U.S.C. § 1391, and in pertinent part, it states that "[a] civil action may be brought in– (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; . . . ." 28 U.S.C. § 1391(b)(2).

For purposes of venue pursuant to 28 U.S.C. § 1391,

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; . . . .

28 U.S.C. § 1391(c)(2). Defendant's headquarters is in Auburn, Washington. Auburn is within King and Pierce counties, both within the Western District of Washington. This action could have been brought there.

### C. The Factors Relevant to a Motion to Change Venue Under 28 U.S.C. § 1404 Do Not Weigh in Favor of a Change of Venue

The district court deciding a § 1404(a) motion to transfer "has broad discretion to grant or deny" that motion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quote and citation omitted).

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013)(citation omitted). Those "relevant factors" relating to private interests are:

> [R]elative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of

4

> willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." . . . The Court must also give some weight to the plaintiffs' choice of forum.

*Id.* at 581 n.6 (internal citations omitted).

The moving party must show "by a preponderance of the evidence" that the requirements of § 1404(a) are satisfied. *See Crestmark Fin. Corp. v. OMO Sci., Energy and Tech., Inc.*, 2010 WL 3702371 (E.D.Mich. Sept. 16, 2010) (citing *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D.Mich. 2006)).

### 1. Private Interest Factors

#### a. Plaintiff's Choice of Forum

"[C]ourts grant substantial deference to a plaintiff's chosen forum, especially where, as here, the plaintiff lives in his chosen jurisdiction." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D.Mich. 2001)(citing *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D.Ill. 1999)). However, a plaintiff's chosen forum "will not defeat a well-founded motion for a change of venue." *Id.* (citation omitted).

Neither party alleges the existence of a forum-selection clause. Defendant points out that section 6.8 of its Employee Employment Agreement provides that the "Agreement shall be interpreted in accordance with the laws of the State of Washington." (Def.'s Mot. Transfer Ex. 3). As Plaintiff counters, he brings his claim pursuant to federal law, the FLSA. Absent a valid forum selection clause, this factor weighs heavily in Plaintiff's favor.

5

### b. Convenience of Witnesses and Cost of Attendance

Defendant argues that "Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Thomas*, 131 F. Supp. 2d at 937. The only two witnesses identified with specificity by either party were identified by Defendant and are residents of neither Michigan nor Washington. They are:

1. Kurt Wangenheim, Vice President of Operations for Defendant and Plaintiff's second-level supervisor. Mr. Wangenheim resides in Milton, Georgia, and travels to Washington approximately twice per month. According to Defendant, although Mr. Wangenheim travels frequently for work, his job duties do not require him to travel to Michigan. (Wangenheim Decl., Def.'s Mot. Transfer Ex. 1).

2. Steven DeFalco, Eastern Regional Manager for Defendant and Plaintiff's direct supervisor. Mr. DeFalco resides in Simpsonville, South Carolina, and travels to Washington approximately twice per year. Despite traveling for work, Mr. DeFalco declared that he has no reason to travel to Michigan or any of the surrounding areas. (DeFalco Decl., Def.'s Mot. Transfer Ex. 4)

Defendant also argues that because Plaintiff's claims challenge Defendant's corporate policies, the "[o]ther individuals with information relevant to those policies are likely located in Washington, not Michigan." (Def.'s Reply Br., at 5). Neither party has specifically identified these additional witnesses or their locations and Defendant's argument is speculative.

In the balance of convenience analysis, decisions within this district "have considered the convenience of witnesses who were also employees of the defendant corporation." *Thomas*, 131 F. Supp. 2d at 938. Defendant argues that "attending a single day of trial

would require witnesses to be away from their duties (client sites, teams in the field) for at least three days, due to the inconvenience of traveling three times zones with relatively few direct flights from Seattle to Detroit." (Def.'s Mot. Transfer).

Plaintiff cites two cases from the Southern District of New York to support his assertion that "the convenience of witnesses who reside in neither the current nor the transferee forum is not relevant when considering a motion to transfer." *Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009) (citing *Herbert Ltd. v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 288 (S.D.N.Y. 2004)). While these cases are not controlling, Defendant has not provided law to the contrary and in this instance, as Plaintiff points out, the two witnesses specifically identified by Defendant are both in the same time zone as this Court and geographically closer to Michigan.

In this instance, the only witnesses who were identified with specificity are located in neither the transferor nor transferee district or state, are located within the same time zone as this Court and geographically closer to Michigan, are accustomed to traveling for work, and each of them travels to Washington only infrequently (twice per month and twice per year). The consideration of convenience to the witnesses weighs in neither party's favor.

### c. Availability of Compulsory Attendance

Neither party has made a showing that this factor weighs in its favor. Defendant argues only generally that "potential witnesses that might be 'unwilling' [to attend] include those located at or near client sites" and that "[t]o the extent former . . . employees with relevant facts might be unwilling to testify (on behalf of either party), there is a greater likelihood that they are located within 100 miles of the Western District of Washington." (Def.'s Mot. Transfer at 12 n.8). Generalizations are not enough to establish that

compulsory attendance favors Defendant's motion. *See Thomas*, 131 F. Supp. 2d at 940 (the defendant "made no showing that [witness's] live testimony is necessary, nor has it shown that she would be unwilling to testify voluntarily"); *AMF Inc., v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1341 (S.D.Ohio 1982) ("because there is no indication that compulsory process would be required to compel the attendance of any witnesses for either party, the [c]ourt does not find [it] . . . to be a relevant consideration herein"). "The Court will not consider the availability of compulsory process as it relates to a defendant's employees." *Thomas*, 131 F. Supp. 2d at 940; *see also Micromuse, Inc. v. Aprisma Mgmt. Techno., Inc.*, 2005 WL 1241924, at *5 (S.D.N.Y. May 24, 2005) ("Because the parties can compel their own employees to testify without the need for a subpoena, the location of party witnesses is irrelevant to consideration of this factor.")

Neither party has identified potential witnesses who would be unwilling to testify voluntarily and whose testimony would need to be obtained through a subpoena. The compulsory process factor weighs in neither party's favor.

### d. Ease of Access to Sources of Proof

Defendant argues that "documents related to Plaintiff's employment are located in Auburn, Washington." (Def.'s Mot. Transfer, at 5). Defendant points out that none of these documents are in Michigan. Defendant also argues that when Plaintiff's employment ended, Plaintiff "sent his laptop and other equipment to Auburn, Washington." (Def.'s Mot. Transfer, at 10). The parties cite contradictory support for the relevance of the location of documents, including electronic documents. *Compare B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 936 (W.D.Tenn. 2013) (disagreeing with the plaintiff's "contention that advances in electronic document transfer reduce the importance of the location-of-sources-

of-proof factor"), *with Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 n.9 (S.D.N.Y. 2000) ("The location of documents factor is neutral '[i]n today's era of photocopying, fax machines and Federal Express.'") (citing *Coker v. Bank of Am.*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997)).

"There is no suggestion that the documents involved will be very voluminous or difficult to convert into electronic form for electronic distribution, or otherwise difficult to send . . . . Accordingly, this factor does not support a transfer." *Eres N.V.,* 605 F. Supp. 2d at 481; *see also Hummingbird USA, Inc. v. Tex. Guaranteed Student Loan Corp.*, 2007 WL 163111, at *3 (S.D.N.Y. Jan. 22, 2007) (the defendant's argument fails where defendant fails "to identify a single document it would require that is bulky or difficult to transport"). This factor weighs minimally in Defendant's favor where there is no allegation that any relevant documents or other proofs are located in Michigan.

### e. Locus of Operative Facts.

As with the location of relevant documents, this factor weighs slightly in Defendant's favor. Plaintiff performed no work for Defendant within the state of Michigan or this district. Yet here is no evident or alleged reason to visit Defendant's premises in Washington (one of the factors to be considered). To the extent that Plaintiff's claims challenge decisions made at the corporate level, Defendant argues that the decision-makers were located in Auburn, Washington. (Def.'s Mot. Transfer, at 9). Defendant's argument regarding the location of decision-makers was addressed in the factors above: convenience of witnesses, cost of attendance, and availability of compulsory attendance.

### f. Relative Means of The Parties

Plaintiff argues that he is an individual of limited means, compared to Defendant corporation with "unlimited resources" that "routinely" flies its employees across the United States. Neither party has provided proof to support this factor, yet the Court could conclude that Plaintiff "would have more financial difficulty in transporting witnesses than would a corporation . . . ." *Thomas*, 131 F. Supp. 2d at 941. Other than his own travel to Washington, Plaintiff did not identify or provide evidence that he has material fact witnesses needing transport to Washington. Arguably, witnesses that are current employees of Defendant have a better chance of being located in Washington, if only infrequently, than in Michigan. This factor weighs minimally in Plaintiff's favor.

## 2. Public Interest Factors

### a. Court Congestion

Defendant argues that "the Western District of Washington is significantly less congested than the Eastern District of Michigan" and cites statistics for a twelve month period that show 5,410 pending cases for 25 judges (or 216.4 cases per judge) in the Eastern District of Michigan compared with 2,298 pending cases for 13 judges (or 176.8 cases per judge) in the Western District of Washington. The Western District of Washington judges have on average approximately 82% of the case load of the Eastern District of Michigan judges. While this is not an extreme gap, this factor is given some slight weight in Defendant's favor.

### b. Choice of Law

The Employee Employment Agreement Section 6.8 states that the "Agreement shall be interpreted in accordance with the laws of the State of Washington." (Def.'s Mot.

Transfer Ex. 3). Although Plaintiff alleges that he "refused" to sign the agreement, Defendant points out that when Plaintiff accepted employment with Defendant, Plaintiff signed and returned an offer letter which specifically states "I agree with these terms of employment." (Pl.'s Resp. & Opp. 2; Def.'s Mot. Transfer Ex. 2). The Letter further noted that the enclosures included the Employee Employment Agreement. Plaintiff argues that because his claims allege a wage and hour violation, the same law is applicable in Michigan as it is in Washington. Defendant has not addressed this issue. This factor is neutral.

### III.  CONCLUSION

For the above-stated reasons Defendant's motion to transfer is DENIED.


　　　　　　　　s/Nancy G. Edmunds
　　　　　　　　Nancy G. Edmunds
　　　　　　　　United States District Judge

Dated:  February 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2015, by electronic and/or ordinary mail.

　　　　　　　　s/Carol J. Bethel
　　　　　　　　Case Manager